# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

_____
)
MATTHEW L. CHATHAM,                )
)
    Plaintiff,                              )
)
              v.                        )    Civil Action No. _____
)
DANIEL J. LEWIS,                        )
CANTERBURY VENTURES, LLC, and    )
PATRICIA A. BERGEVINE ,            )
)
    Defendants.                          )
)
_____)

## COMPLAINT AND JURY DEMAND

Plaintiff Matthew L. Chatham, by his undersigned attorneys, alleges as follows by way of Complaint herein:

## The Parties

1.      Plaintiff Matthew L. Chatham is a natural person residing at 400 Foxboro Boulevard, #9311, Foxboro, Massachusetts 02035 ("Mr. Chatham" or "Plaintiff").

2.      On information and belief, Defendant Daniel J. Lewis ("Mr. Lewis") is a natural person having a place of business at 142 Mastro Drive, Franklin, Massachusetts 02038.

3.      On information and belief, Defendant Canterbury Ventures, LLC ("Canterbury") is a Massachusetts limited liability company owned and operated by Mr. Lewis, and having a place of business at 142 Mastro Drive, Franklin, Massachusetts 02038.

1033610.1

4.      On information and belief, Defendant Patricia A. Bergevine ("Ms. Bergevine") (collectively with Canterbury and Mr. Lewis, "Defendants") is a natural person having a place of business at 26 Franklin Street, Wrentham, Massachusetts 02093. Ms. Bergevine is currently licensed as a real estate agent (License No. 9079287) by the Massachusetts Board of Registration of Real Estate Brokers and Salespersons.

**Jurisdiction and Venue**

5.      This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1338(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b).

**Mr. Chatham's Copyrighted Custom Design Plans**

7.      In 2016, Mr. Chatham and his wife, Erin Chatham (collectively, "the Chathams") sought a new home for themselves and their children. Mr. Chatham, using software on his personal computer, and with the input of his wife, Erin, developed fully-elaborated custom plans of his own original design for the Chathams' new home, reflecting meticulous attention to detail and thoughtful devotion to both interior and exterior aesthetic considerations.

8.      Mr. Chatham worked closely with a licensed architect to validate and confirm engineering and constructability of his plans, and further refined and formalized his custom home design into a complete, buildable set of plans and specifications (collectively, the "Custom Design Plans").

9.      Mr. Chatham's Custom Design Plans are copyrightable subject matter under the Copyright Act, 17 U.S.C. § 101 *et seq.*

10.     Mr. Chatham has complied in all respects with the provisions of the Copyright Act, and on May 11, 2017, registered his copyright in the Custom Design Plans with the U.S. Copyright Office as Registration No. VAu001282872, titled "Chatham Residence Custom Home Plans, not yet constructed." (the "'872 Registration"). A true and correct copy of the '872 Registration filings is attached hereto as ***Exhibit 1***, and a true and correct copy of the Custom Design Plans (reduced to 8.5" x 11" for filing here) is attached hereto as ***Exhibit 2***.

11.     Mr. Chatham holds the exclusive rights to reproduce and authorize reproduction of the Custom Design Plans; to prepare derivative works based thereon, including any structures built according to the Custom Design Plans; to distribute copies thereof; and to recover for past and future infringement of said work.

12.     Mr. Chatham is, and at all relevant times has been, the owner of the Custom Design Plans and the '872 Registration.

13.     Mr. Chatham has never assigned or licensed the copyright in the Custom Design Plans to any other entity, except that Mr. Chatham has given Canterbury permission to use the Custom Design Plans for the express and sole purpose that Canterbury would build a home for the Chathams that embodies the Custom Design Plans.

**Acts of Infringement by Canterbury, Mr. Lewis, and Ms. Bergevine**

14.     On July 27, 2016, the Chathams and Canterbury entered into a Purchase and Sale Agreement (the "P&S Agreement"). A true and correct copy of the P&S Agreement is attached hereto as ***Exhibit 3***. In consideration for the agreed total Purchase Price of $799,000.00, the P&S Agreement called for Canterbury to acquire an

undeveloped parcel of land, designated as Lot 5 and situated on Amber Drive in the new

Amberfields subdivision in Wrentham, Massachusetts (the "Lot 5 Premises"), and to

construct thereon for the Chathams a new home in accordance with and embodying the

Custom Design Plans (the "Chatham Custom Home"). Mr. Chatham provided to

Canterbury a copy of the Custom Home Plans for the express and sole purpose of the

P&S Agreement, namely, that Canterbury would build the Chatham Custom Home on the

Lot 5 Premises to be purchased exclusively by the Chathams.

15.     The P&S Agreement provided for a closing date of January 12, 2017.

Canterbury's delay in acquiring title to the Lot 5 Premises and/or obtaining a building

permit, as called for in the P&S Agreement, led to Canterbury's failure to complete the

Chatham Custom Home by the scheduled closing date.

16.     In an email from Mr. Lewis to Mr. Chatham dated January 11, 2017, Mr.

Lewis admitted that "[t]he plans for the house are your property and as such I am not

entitled to build that house once we are out of contract if you decide not to do an

extension." A true and correct copy of the January 11, 2017 email is attached hereto as

*Exhibit 4*.

17.     Though the parties agreed to extend the time for Canterbury to complete

the performance called for by the P&S Agreement, the Chatham Custom Home remains

unfinished nearly *seven months* after the initially-scheduled closing date. Nonetheless, the

Chatham Custom Home unmistakably embodies Mr. Chatham's Custom Design Plans to

which it was built:

 

*Excerpt of "Chatham Residence Custom Home Plans, not yet constructed." (U.S. Copyright Reg. No. VAu001282872)*

*The Unfinished Chatham Custom House on the Lot 5 Premises*

18.     Increasingly, over the course of the parties' agreement, Canterbury sought to obtain as-yet-unearned and/or additional compensation over and above the agreed Purchase Price, though the compensation being sought was expressly encompassed by and included in the Purchase Price by the plain terms of the P&S Agreement.

19.     Notwithstanding its own uncured material breaches of the P&S Agreement, Canterbury has purported to unilaterally "terminate" the parties' contract.

20.     On May 15, 2017, Mr. Chatham's intellectual property attorney, Nathan T. Harris of Lando & Anastasi, LLP, sent Mr. Lewis a letter, reiterating that "Mr. Chatham owns the copyright in his original design, and has registered the copyright with the United States Copyright Office." A true and correct copy of the May 15, 2017 letter is attached hereto as ***Exhibit 5***. The May 15, 2017 letter also put Mr. Lewis on notice that any houses built according to the Custom Home Plans would constitute copyright infringement if sold or marketed for sale to anyone other than the Chathams, and reminded Mr. Lewis that he had merely been "granted a non-exclusive license by Mr.

Chatham to his original, copyrighted design for the sole purpose of building him this home on Lot 5 Amber Dr."

21.     On May 26, 2017, Canterbury commenced a civil action against the Chathams in the Superior Court for Norfolk County (Civ. No. 1282CV00654) (the "Canterbury Civil Action"), seeking liquidated damages for the Chatham's alleged breach of the P&S Agreement. The Canterbury Civil Action was voluntarily dismissed by Canterbury shortly thereafter.

22.     On or around July 19, 2017, Mr. Chatham and his attorneys became aware that Canterbury and/or Mr. Lewis may have begun attempting to show and sell the Chatham Custom Home on the Lot 5 Premises to potential third-party purchasers.

23.     In response, Mr. Chatham's real estate attorney, Thomas J. Fullam of Morrissey, Hawkins & Lynch, that day sent a letter to Canterbury's real estate salesperson, Ms. Bergevine of Berkshire Hathaway Home Services Page Realty. A true and correct copy of Attorney Fullam's letter to Ms. Bergevine is attached hereto as *Exhibit 6*. Attorney Fullam's letter formally notified Ms. Bergevine of the then-pending Canterbury Civil Litgation, reminded her that the Custom Design Plans embodied in the Chatham Custom Home are the copyrighted design of Mr. Chatham, and advised her that the Chathams intended to seek issuance of a memorandum of *lis pendens* against the Lot 5 Premises.

24.     On information and belief, Mr. Lewis and Mr. Bergevine continued to show and attempt to sell the Chatham Custom Home on the Lot 5 Premises to potential third-party purchasers. Such property showings occurred at least on July 19, 2017; July 20, 2017; and August 2, 2017.

25.     On or around July 28, 2017, Mr. Chatham and his attorneys became aware that the Defendants were continuing their efforts to sell the Chatham Custom Home as part of the Lot 5 Premises, despite the earlier notices to each Defendant that marketing and/or selling the Chatham Custom Home to a party other than the Chathams would constitute copyright infringement. In response, Attorney Harris sent a letter that same day to Ms. Bergevine, warning her again that the sale of the home, including Ms. Bergevine's efforts to market and sell the home, constituted infringement of Mr. Chatham's registered copyright. A true and correct copy of Attorney Harris's July 28, 2017 letter to Ms. Bergevine is attached hereto as *Exhibit 7*.

26.     Despite all of these warnings, it appears that, on or about August 3, 2017, Canterbury accepted an offer from an unknown third party to purchase the Chatham Custom Home on the Lot 5 Premises without permission or license from Mr. Chatham, the owner of the copyrighted Custom Home Plans embodied in the Chatham Custom Home. True and correct copies of an MLS listing and various real estate website listings for the Lot 5 Premises are attached hereto as *Exhibit 8*, each identifying Ms. Bergevine as the listing agent and indicating that the Lot 5 Premises is under agreement and pending sale. Ms. Bergevine even went so far as to produce a YouTube video to market the Lot 5 Premises, accessible at <https://www.youtube.com/watch?v=SSDfvw-FLCY>.

27.     On August 4, 2017, the Chathams brought a civil action against Canterbury in the Superior Court for Norfolk County (Civ. No. 17-967) (the "Chatham Superior Court Civil Action"), asserting claims for breach of contract and violation of the implied covenant of good faith and fair dealing. A true and correct copy of the complaint

in the Chatham Superior Court Civil Action (excluding exhibits) is attached hereto as *Exhibit 9*.

28. As part of the Chatham Superior Court Civil Action, the Chathams sought—and obtained—a *lis pendens* order on the Lot 5 Premises. A true and correct copy of the Superior Court's August 4, 2017 Finding and Order of Approval of Memorandum of Lis Pendens is attached hereto as *Exhibit 10*. The Superior Court's order "finds that there is a clear danger that [Canterbury] . . . will convey, encumber, damage or destroy the subject property or the improvements thereon." (See Ex. 10, page 2.)

29. Ignoring the Superior Court's *lis pendens* order, Defendants continue to push forward with the pending sale of the Lot 5 Premises. A true and correct copy of the listing for the Lot 5 Premises on Ms. Bergevine's person real estate website (accessible at <trishbhomes.com>) is attached hereto as *Exhibit 11*. Ms. Bergevine's website continues to reflect that a "contingent" sale of the property is pending as of August 9, 2017, in defiance of the Superior Court's order.

30. Meanwhile, on information and belief, Mr. Lewis and/or Canterbury continue work on the house in preparation for the pending sale despite the Superior Court's *lis pendens* order. True and correct copies of photographs of the unfinished Chatham Custom Home taken in the morning and evening of August 7, 2017 are attached hereto as *Exhibit 12*. The photographs show a work crew installing siding on the Chatham Custom Home that day, a non-conforming deviation from the stone siding material selected by the Chathams and agreed to by the parties. The photographs confirm that Defendants are preparing to convey the Chatham Custom Home to a party other than the Chathams.

## Count I – Copyright Infringement Under 17 U.S.C. § 106

31.     The allegations contained in the preceding paragraphs of this Complaint are re-alleged and incorporated herein by reference as though fully set forth.

32.     Canterbury and Mr. Lewis have created the Chatham Custom Home on the Lot 5 Premises, embodying an architectural work that is copied from and is substantially similar and/or identical to the copyrighted design of Mr. Chatham.

33.     Canterbury, Mr. Lewis, and Ms. Bergevine have attempted to sell and/or have agreed to sell the Chatham Custom Home on the Lot 5 Premises, embodying Mr. Chatham's copyrighted design, to an unknown third party without the permission of Mr. Chatham.

34.     Defendants had no authorization to use or sell Mr. Chatham's copyrighted design and/or structures embodying that design except for the sole purpose of constructing and selling the Chatham Custom Home to the Chathams as provided in the P&S Agreement.

35.     Defendants' actions have harmed and continue to harm Mr. Chatham, and constitute a violation of Mr. Chatham's exclusive rights under 17 U.S.C. § 106, including the rights to reproduce, prepare derivative works from, and distribute the copyrighted works.

36.     Mr. Chatham has repeatedly notified each of the Defendants that they have or will infringe Mr. Chatham's copyright by marketing and/or selling the Chatham Custom Home on the Lot 5 Premises. Such notice was provided at least by the letters from Mr. Chatham's attorneys dated May 15, 2017; July 19, 2017; and July 28, 2017. Furthermore, Mr. Lewis and Canterbury admitted in Mr. Lewis' January 11, 2017 email

that "[t]he plans for the house are your property and as such I am not entitled to build that house once we are out of contract[.]" Nonetheless, Defendants have continued their acts of willful infringement despite the Superior Court's *lis pendens* order.

37.     Mr. Chatham has and will suffer injury as a result of Defendants' acts of infringement that is irreparable in nature. Mr. Chatham is without an adequate remedy at law.

38.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, individually and jointly, have obtained direct and indirect profits they would not otherwise have realized but for their acts of infringement. Mr. Chatham is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in an amount to be established at trial.

39.     Defendants, individually and jointly, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, individually and jointly, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Mr. Chatham will elect between actual damages and statutory damages.

* * * * * * *

**WHEREFORE**, Plaintiff Matthew L. Chatham demands judgment as follows against Defendants Daniel J. Lewis, Canterbury Ventures LLC, and Patricia A. Bergevine as follows:

A.     That Defendants, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyrighted design, including,

without limitation, an order requiring Defendants, individually and jointly, to cease all efforts to market or sell the Lot 5 Premises and to remove any and all real estate listings relating to the Lot 5 Premises or the Chatham Custom Home;

B.      That Plaintiff be awarded all profits of Defendants, individually and jointly, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, individually and jointly, through their infringement, the exact sum to be proven at the time of trial, and, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law;

C.      That title to the Lot 5 Premises be held in a constructive trust, and that a constructive trust be entered over any revenues or other proceeds realized by Defendants, individually and jointly, through their infringement of Plaintiff's intellectual property rights;

D.      That Plaintiff be awarded his attorneys' fees as available under the Copyright Act U.S.C. § 101 *et seq.*;

E.      That Plaintiff be awarded his costs and fees under the statutes set forth above;

F.      That Plaintiff be awarded statutory damages and/or penalties under the statutes set forth above;

G.      That Plaintiff be awarded pre-judgment interest as allowed by law; and

H       That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

### Demand for Jury Trial

Pursuant to Rule 38(b), Fed. R. Civ. P., Plaintiff Matthew L. Chatham hereby demands trial by jury of all issues so triable.

Respectfully submitted,


Date: August 9, 2017                          /s/ Nathan T. Harris
                                              Nathan T. Harris (BBO# 675533)
                                              John N. Anastasi (BBO# 566725)
                                              LANDO & ANSTASI, LLP
                                              One Main St. – 11th Floor
                                              Cambridge, MA 02142
                                              (617) 395-7000
                                              *Attorneys for Plaintiff Matthew Chatham*