| | |
|---|---|
| MATTHEW CHATHAM and ERIN CHATHAM,<br><br>*Plaintiff,*<br><br>v.<br><br>DANIEL J. LEWIS, and CANTERBURY VENTURES, LLC,<br><br>*Defendants*. | |

# **DEFENDANTS DANIEL J. LEWIS AND CANTERBURY VENTURES, LLC'S MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

## **INTRODCUTION**

The plaintiffs, Canterbury Ventures, LLC and Daniel J. Lewis ("Defendants"), hereby move pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1 for the entry of Judgment on Counts I, II and III of the Second Amended Complaint filed by the plaintiffs, Matthew Chatham ("Mr. Chatham") and Erin Chatham (together the "Chathams") ("Plaintiffs"). In support of this Motion, Defendants also submit their Memorandum in Support of their Motion for Partial Summary Judgment, L.R. 56.1 Concise Statement of Material Fact, Affidavit of Daniel J. Lewis, Affidavit of Michael E. Heaney, Affidavit of Patricia Bergevine and Affidavit of Neal J. Bingham.

By their copyright claim, Plaintiffs attempt to leverage their position in an otherwise garden-variety breach of contact case, which they initially filed in a Massachusetts Superior Court, by claiming that Canterbury and Lewis have violated the Copyright Act by attempting to sell a house that Mr. Chatham claims embodies his copyrighted design to a third party without

1

his permission. Count I must fail because the undisputed facts establish that the subject agreement negotiated by the parties granted Canterbury a license to use architectural plans to build a house on Canterbury's property, Mr. Chatham did not reserve any copyrights when he granted the license, and Canterbury has at all times acted within the scope of the license. On a separate ground, Count I is also barred by the first sale doctrine because Canterbury is the undisputed record owner of the subject property and the House constructed thereon – Plaintiffs are prohibited by statute from controlling any future sales.

Judgment should also enter on Count II (Breach of Contract) and Count III (Breach of Implied Covenant of Good Faith and Fair Dealing) in favor of Defendants because the undisputed facts established that Canterbury was unable to deliver possession of the property by the closing date, Canterbury offered to return the deposit, and Plaintiffs failed and refused to exercise any of the remedies agreed to by the Parties under the express terms of the subject purchase and sales agreement. Canterbury did nothing to stand in the way of Plaintiffs' exercise or choice of remedies – Plaintiffs' failure to act is not and cannot constitute a breach of contract by Canterbury. Finally, even if Plaintiffs were able to establish liability on Counts II and III, the remedy of specific performance is not available to them.

Plaintiffs will in all likelihood request that the Court defer their opposition and any hearing on this Motion on discovery-related grounds. The issues raised on this summary judgment motion are discrete and have been fully developed during discovery. The Court should reject any attempt to further delay this case. This case is ripe for summary judgment.

WHEREFORE , Defendants respectfully request that the Court enter summary judgment against Plaintiffs on Counts I, II and III of the Complaint.

Pursuant to L.R. 7.1, counsel for Defendants sought to confer Plaintiffs' counsel on August 30, 2018 and August 31, 2018. Both counsel acknowledged by email that narrowing the issues in this decisive case is unlikely. Defendants' attempts to further contact Plaintiffs' counsel were unsuccessful, but would not and could not have been fruitful given the contentious nature of this litigation.

Defendants
By their attorneys:

/s/ Neal J. Bingham
Jerry C. Effren, BBO# 151580
Neal J. Bingham, BBO# 652029
LAW OFFICES OF JERRY C. EFFREN
25 West Union Street
Ashland, MA 01721
P: (508) 881-4950
F: (508) 881-7563
E: info@effren.net

Dated: August 31, 2018

CERTIFICATE OF SERVICE

  I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants and to those indicated as non-registered by First-Class Mail on this the 31st day of August 2018.

            /s/ Neal J. Bingham
            Neal J. Bingham, BBO# 652029