UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MATTHEW L. CHATHAM and<br>ERIN CHATHAM,<br><br>       Plaintiffs,<br><br>v.<br><br>DANIEL J. LEWIS and<br>CANTERBURY VENTURES, LLC,<br><br>       Defendants. | No. 17-cv-11473-IT |

MEMORANDUM AND ORDER ADOPTING REPORT AND
RECOMMENDATION ON DEFENDANTS' MOTION FOR
PARTIAL SUMMARY JUDGMENT

February 6, 2020

TALWANI, D.J.

Plaintiffs Matthew and Erin Chatham brought this suit against Defendants Canterbury Ventures and its principal, Daniel Lewis (collectively, Canterbury or Defendant), asserting claims for copyright infringement of Matthew Chatham's architectural plans, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of Mass. G.L. c. 93A. See Second Amended Complaint [#51]. Defendant filed a Motion for Summary Judgment [#89] on all counts except for the chapter 93A claim. The magistrate judge to whom the motion was referred issued a Report and Recommendation [#177] that the motion be denied. On *de novo* review of the matters to which Defendant objects, the court adopts the Report and Recommendation and denies Defendant's motions for the reasons detailed by the magistrate judge and in this memorandum and order.

I. Defendant has Not Objected to the Recommendation that Summary Judgment be Denied as to Plaintiffs' Claims for Copyright Infringement

Under Federal Rule of Civil Procedure 72(b), a party must specifically identify the portion of the recommendation to which objections are made and state the basis of the objection. See Keating v. Sec'y of Health & Human Servs., 848 F.2 271, 275 (1st Cir. 1988) (stating that the objecting party must serve and file "specific written objections to the proposed findings and recommendations" to preserve the objections). Here, Defendant has filed no objections concerning the copyright infringement claim, and the court adopts the recommendation that Defendant's motion for summary judgment be denied as to this claim.

II. Breach of Contract

The parties agree that Plaintiffs and Defendant signed both a Purchase and Sales Agreement (P&S) and a Rider to the P&S, and that pursuant to these agreements the closing date was originally set for January 12, 2017, with a potential extension of sixty days to March 13, 2017. The parties also agree that the contract was automatically extended 60 days under the P&S.

Defendant objects to the recommended denial of summary judgment of Plaintiffs' contract claim, asserting that there "is no evidence" that Canterbury agreed to extend the closing date contained in the Purchase and Sale Agreement beyond March 13, 2017, and asserting that in the absence of an agreement to a new closing date, Plaintiffs had only two options under the P&S when Defendant was unable to complete the Premises by March 13, 2017: they could have purchased the Premises as is and paid the full purchase price or they could have had their deposit returned to them with no further recourse. Defendant asserts that having chosen neither, Plaintiffs are without recourse. In making this argument, Defendant ignores language in the Rider, and evidence highlighted by the magistrate judge, from which a jury could determine that the parties agreed to extend the time for Defendant to complete building the house and that the contract remained in

place through May 17, 2017.

First, prior to the original closing date of January 13, 2017, Lewis acknowledged that he could not continue to work on the house if the Chathams did not agree to an extension. On January 11, 2017, Lewis wrote in an email to Matthew Chatham: "[t]he plans for the house are your property and as such I am not entitled to build that house once we are out of contract if you decide not to do an extension."[1] Bingham Aff., Ex. K [#93-11].

Second, Defendant continued working on the home with input from the Chathams through May 2017. On May 17, 2017, Defendant's attorney sent a letter to Plaintiffs' counsel asserting that Canterbury had continued to perform construction "in good faith *and in accordance with the P&S*." Chatham Aff., Ex. F [#113-6].

Third, Defendant's attorney demanded in that letter that certain conditions be met "to continue in [the parties'] contractual relationship," and threatened that Canterbury would terminate the P&S if the Chathams did not meet these conditions. On May 25, 2017, Canterbury's counsel sent a letter to Plaintiffs' attorney stating that the agreement between the parties was terminated.

From the above evidence, a reasonable jury could find that the parties did orally agree to extend the time for Defendant to complete building the house, and that the contract continued to remain in effect until the Defendant terminated it at the end of May 2017. Accordingly, the court adopts the magistrate judge's recommendation that summary judgment as to the breach of contract claim be denied.

    III.    <u>Specific Performance and Damages</u>

Defendant argues further that Plaintiffs can claim no right to specific performance or damages on their contract claim because Plaintiffs did not tender the amount due on March 13,

---

[1] A separate entity, Golemme Mitchell Architects (GMA), prepared the building plans, which Plaintiffs purchased and supplied to Lewis.

2020. Plaintiff points out that Defendant did not make this argument to the magistrate judge and that the argument is waived. On review of the papers, the court agrees that the failure to tender argument is waived.

Nor would the argument have had any traction if properly raised. Plaintiffs' obligation to tender any amounts would not be due until the closing. Under paragraph 18 of the Rider, Seller was obligated "at the time of closing" to have a Certificate of Occupancy issued by the Town of Wrentham showing full completion of the premises. It is undisputed that Defendant did not have that Certificate of Occupancy on March 13, 2020, and accordingly, can make no claim that Seller was required to tender payment on that date. Defendant's motion for summary judgment on Plaintiffs' contractual remedies for damages and specific performance is denied.

### IV.     Breach of Implied Covenant of Good Faith and Fair Dealing

Defendant objects to the recommended denial of summary judgment as to the implied covenant of good faith and fair dealing, arguing that Plaintiffs may not use this cause of action to create remedies beyond the parties' expectations. But Defendant does not dispute that under Massachusetts law, "'neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract.'" Defendant's Objection 17 [#182] (citing Anthony's Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 471-72 (1991)). Defendant thus provides no grounds as to why it should be granted summary judgment on Plaintiffs' claim that Defendant ignored its obligations under the Agreement and made no good faith effort to complete the house under the time frame to which they had agreed, with the effect of injuring Plaintiffs' right to receive a timely constructed house, in violation of the implied covenant of good faith and fair dealing. Defendant's motion for summary judgment as to this claim is denied.

### V.     Conclusion

On *de novo* review of the matters to which Defendant objects, the court adopts the Report

and Recommendation [#177] and denies Defendant's motions for the reasons detailed by the magistrate judge and in this memorandum and order. Defendants Daniel J. Lewis and Canterbury Ventures, LLC's Motion for Partial Summary Judgment [#89] is **DENIED**.

IT IS SO ORDERED.

Date:  February 6, 2020  /s/ Indira Talwani
United States District Judge