8UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MATTHEW L. CHATHAM and<br>ERIN CHATHAM,<br><br>          Plaintiffs,<br><br>v.<br><br>DANIEL J. LEWIS and<br>CANTERBURY VENTURES, LLC,<br><br>          Defendants. | No. 17-CV-11473-IT |

### REPORT AND RECOMMENDATION ON PENDING MOTIONS
### FOR INJUNCTIVE RELIEF

CABELL, U.S.M.J.

Plaintiffs Matthew and Erin Chatham hired defendants Daniel Lewis and Canterbury Ventures to build a home they designed on a lot Lewis owned, with the mutual expectation that the Chathams would purchase the home and lot once completed. The Chathams brought suit when, following a series of disputes, Lewis began marketing the property for sale on the open market. The complaint asserts claims for copyright infringement, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of M.G.L. c. 93A.

Two motions for injunctive relief pend against this backdrop. First, on April 22, 2019, the plaintiffs filed *Plaintiffs' Emergency Motion for Preliminary Injunction* to prohibit the

defendants from "selling, leasing, renting, or allowing occupation or inhabitation of" the property. (D. 142). On April 23, 2019, this court among other things ordered the defendants to make any prospective buyer or renter aware of the parties' lawsuit and its attendant issues. (D. 146).

On April 24, 2019, that is, the next day, the plaintiffs filed an emergency motion for a temporary restraining order because they learned that the defendants had in fact executed a written lease for the premises and the tenants had already begun moving furnishings into the home. (D. 148). Following a hearing held the same day, the presiding judge required the defendants among other things to provide the tenants with a notice of the litigation and the plaintiffs' contentions. (D. 155).

On the following day, April 25, 2019, the plaintiffs filed the second motion at issue here, *Plaintiffs' Renewed Request for Temporary Restraining Order*, seeking the same relief sought in the motion for a preliminary injunction. (D. 159).

In response, this court convened a conference on May 7, 2019. In light of the fact that the property was now being rented pursuant to a written 18-month lease, this court sought and obtained the defendants' agreement that they would not extend the written lease after it expired, and would not thereafter seek to lease, rent or sell the property. The defendants further agreed to immediately notify the court and the parties in the event the

2

tenants vacated the property before the expiration of the lease. On May 13, 2019, this court issued an Order setting forth and giving force to these agreements. (D. 169).

In this court's view, the May 13, 2019 Order has rendered the two pending injunctive relief motions moot. Since the imposition of that order - almost a year ago - this court has not been made aware of any further issues with respect to the property, and certainly no issues with respect to efforts to further market the property for lease or sale. At the same time, the case has continued to progress through discovery towards resolution, including most recently resolution of the defendants' partial motion for summary judgment. (D. 187).

In light of the foregoing, then, I recommend that (1) Plaintiffs' Emergency Motion for Preliminary Injunction (D. 142) and (2) and Plaintiff's Renewed Request for Temporary Restraining Order (D. 159) both be <u>DENIED</u> as moot.[1]

---

[1] The parties are hereby advised that under the provisions of Federal Rule of Civil Procedure 72(b), any party who objects to this recommendation must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. *See Keating v. Secretary of Health and Human Servs.*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States v. Vega*, 678 F.2d 376 (1st Cir. 1982); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Donald L. Cabell
DONALD L. CABELL, U.S.M.J.

DATED:  March 11, 2020